IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE THAO

        Plaintiff,                    No. CIV S-11-2235 GGH P

    vs.

KATHLEEN DICKINSON, Warden

        Defendant.               <u>ORDER</u>

                              /

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff will be assessed an initial filing fee of $5.97. By separate order, the court will direct the appropriate agency to collect the initial partial filing fee

1

from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

SUMMARY OF COMPLAINT

Plaintiff alleges that, in June 2010, he was placed in administrative segregation pending an investigation into a conspiracy to murder an employee at the California Medical Facility. Plaintiff does not identify the institution at which he was housed in June 2010, though he names the warden of the California Medical Facility as the only defendant.

Plaintiff alleges that he was served with three separate lock-up orders, but was not given any "staff assistance." While in administrative segregation, plaintiff claims that he met six other individuals who were also being segregated on account of the conspiracy allegation. Plaintiff, who does not identify his own race, claims that three of the six were black, and the remaining three were Asian.

Plaintiff further alleges that, at the conclusion of the internal investigation, he was advised by the captain of his "committee" that he was to be transferred to another institution because of "high sensitivity." Plaintiff alleges that he asked for further information concerning the investigation but that Lt. Lee of "ISU" declined, telling plaintiff that, because there was no rule violation or D.A. referral, he would not disclose any confidential information.

Plaintiff alleges that the three black prisoners, who had been a part of the investigation, were released back to general population after their committee meetings.

Plaintiff additionally alleges that, when he attempted to appeal the action of the

committee, "[t]he officials then began to give the run around and refuse to answer any of the questions presented by petitioner (see attachments)[.]"[1]

Plaintiff claims that his constitutional rights were violated because the three black prisoners were released back to general population, while he was kept in administrative segregation because of his race. Plaintiff claims that the committee's "high sensitivity" designation is unconstitutionally vague, violating his due process rights. Plaintiff finally claims that his administrative appeals were not fully answered.

Plaintiff now seeks injunctive relief, including removal of "any written defamational statement," as well as "an undisclosed amount of money" for compensatory and punitive damages.

ANALYSIS

Plaintiff alleges that he was placed in administrative segregation pending an investigation of a possible murder conspiracy, and that was subsequently transferred after the investigation was concluded. Plaintiff claims that he suffered violations of his equal protection rights when he was kept in administrative segregation because of his race. Plaintiff alleges that the unnamed institution's decision to transfer him was a violation of his due process rights, and that their reason for his transfer is unconstitutionally vague. Finally, plaintiff alleges that his appeals were not answered fully.

Plaintiff has not provided sufficient information concerning the institution, his segregation process, his own racial background, or his administrative appeals for this court to determine whether plaintiff's claims have an arguable legal and factual basis. In addition, plaintiff does not make any allegation against the sole defendant, Warden Dickinson. Accordingly, plaintiff's complaint will be dismissed and he will be granted leave to file an amended complaint within 28 days of service of this order.

---

[1] There are no attachments to the current filed complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

It is well established that prisoners do not have a due process right to confinement in a particular prison facility or to a particular level of confinement. See, e.g., Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (rejecting state prisoner's due process challenge of a transfer to a higher level security prison).

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. Meachum v. Fano, 427 U.S. 215, 223-27, 96 S.Ct. 2532 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to Sandin v. Conner, 515 U.S. 472, 483, 115 S.Ct. 2293 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Id. at 484.

In this case, plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under Sandin, facts related to the conditions or consequences of his disciplinary hearings which show "the type of atypical, significant

1  deprivation [that] might conceivably create a liberty interest." Id. at 486.  For example, in
2  Sandin, the Supreme Court considered three factors in determining whether the plaintiff
3  possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus
4  discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement
5  and whether they amounted to a "major disruption in his environment" when compared to those
6  shared by prisoners in the general population; and (3) the possibility of whether the prisoner's
7  sentence was lengthened by his restricted custody.  Id. at 486-87.
8          To establish a due process violation, plaintiff must first show the deprivation
9  imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison
10 life.  Sandin, 515 U.S. at 483-84.  Plaintiff has failed to allege any facts from which the court
11 could find there were atypical and significant hardships imposed upon him as a result of
12 defendants' actions.  Plaintiff must allege "a dramatic departure from the basic conditions" of his
13 confinement that would give rise to a liberty interest before he can claim a violation of due
14 process.  Id. at 485.  Plaintiff has not; therefore the court finds that plaintiff has failed to allege a
15 liberty interest, and thus, has failed to state a due process claim.
16         In addition, plaintiff is informed that the court cannot refer to a prior pleading in
17 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
18 complaint be complete in itself without reference to any prior pleading.  This is because, as a
19 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
20 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
21 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
22 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
23         Plaintiff has requested the appointment of counsel.  The United States Supreme
24 Court has ruled that district courts lack authority to require counsel to represent indigent
25 prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In
26 certain exceptional circumstances, the court may request the voluntary assistance of counsel

pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  As described above, the current complaint fails to state a claim upon which relief can be granted, and so the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied without prejudice.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Plaintiff's request for leave to proceed in forma pauperis is granted.

        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff will be assessed an initial filing fee of $5.97.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

        3. Plaintiff's motion for appointment of counsel is denied without prejudice.

        4. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in this action being dismissed.

DATED: October 5, 2011

        /s/ Gregory G. Hollows
        UNITED STATES MAGISTRATE JUDGE

GGH:rb
thao2235.B