UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE THAO, | No. 11-cv-2235 KJM AC P |
| Plaintiff, | |
| v. | ORDER AND |
| KATHLEEN DICKINSON, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiff is a state prisoner proceeding in pro per and in forma pauperis in this action for damages and declaratory relief filed pursuant to 42 U.S.C. § 1983. The original complaint (ECF No. 1) was dismissed on screening, and plaintiff was granted leave to amend. ECF No. 6. The First Amended Complaint (ECF No. 11) survived screening, and service was ordered on defendant Dickinson. ECF No. 14. On March 19, 2014, however, the court granted defendant's motion to dismiss the First Amended Complaint and again granted plaintiff leave to amend. ECF No. 38. Plaintiff has now filed a "Third Amended Complaint" ("Complaint") (ECF No. 48), with the aid of counsel appointed solely for the purpose of assisting with that filing.

Defendant Dickinson has now moved to have the Complaint screened pursuant to 28 U.S.C. § 1915A. In light of the large number of new defendants plaintiff now seeks to sue, and plaintiff's apparent failure to address the bases for the dismissals of his earlier complaints, the court will grant defendant's motion and deem her motion to be the responsive pleading required

1

1   by Fed. R. Civ. P. 15(a)(3).

2       Apparently in response to the court's last dismissal order, plaintiff does add detail about
3   which prison employees carried out which actions, and he drops the Equal Protection allegations.
4   However, there is nothing in the remaining allegations, detailed below, that shows that plaintiff
5   suffered a cognizable constitutional injury of any kind.  Accordingly, and for the reasons outlined
6   below, the undersigned recommends that the court dismiss the Complaint with prejudice.

7                                           I.  THE COMPLAINT

8       On or about June 9, 2010, plaintiff, a prisoner, was handcuffed, placed in a holding cage,
9   and ultimately placed in administrative segregation ("Ad-Seg").  Complaint (ECF No. 48)
10  ¶¶ 28-31.  In explanation, plaintiff was told that he was a suspect in a conspiracy to murder a
11  CMF employee, and that he was under investigation.  Id., ¶ 30.

12      On June 11, 2010, defendant J. Cates issued a "CDCR 114 Administrative Segregation
13  Placement Notice," which, apparently, authorized plaintiff's placement in Ad-Seg.  Id., ¶ 34.  At
14  some unspecified time, plaintiff "was served two further CDCR 114 placement orders."  Id., ¶ 35.
15  On June 15, 2010, defendant K.E. Providence issued another CDCR 114 notice.  Id., ¶ 36.
16  Plaintiff was given no help from a staff assistance or investigative employee in connection with
17  these CDCR 114 notices.  Id., ¶ 37.  Plaintiff attended an "ASU-ICC Initial Review hearing" on
18  June 15, 2010, at which the prison authorities apparently determined that plaintiff did not need
19  help from a staff assistant or investigative employee.  Id., ¶ 38.

20      A Notice of Classification Hearing was conducted on June 22, 2010.  Id., ¶¶ 39-41.  A
21  "CDCR 128-G" issued from that hearing, determining that pending the investigation, "continued
22  segregated placement [of plaintiff] was required."  Id., ¶ 41.  On June 25, 2010, defendant T. Lee
23  notified plaintiff that the investigation was completed but that since plaintiff's participation in the
24  conspiracy could neither be proved or disproved, Lee was recommending that plaintiff be
25  transferred to another facility, "'due to the facts revealed in the investigation.'"  Id., ¶ 42.

26      Plaintiff remained in Ad-Seg.  Id., ¶ 43.  On July 21, 2010, defendant Cates issued a
27  CDC 114 notice, endorsed by defendant Flores, authorizing plaintiff's continued retention in Ad-
28  Seg "until ICC ruled on the matter."  Id., ¶¶ 43 & 45.  On the same day, defendant Puig

"approved a 45 day extension" of an unexplained and unidentified July 22, 2010 ICC action that was taken to protect the investigation into the conspiracy to murder a staff employee. Id., ¶ 44.

Another hearing was held on July 27, 2010, at which defendant J. Gonzalez issued a "CDCR 128-G," requiring plaintiff to be retained in segregation "in a 'non-adverse' transfer." Id., ¶ 46. Plaintiff was denied access to the evidence against him at this hearing. Id., ¶ 47.

On August 19, 2010, plaintiff was given a "CDCR 1030 Confidential Information Disclosure Form" indicating that a confidential memorandum exists in plaintiff's "confidential file" stating the he was "a threat to staff safety if released to CMF general population." Id., ¶ 48. No information was provided plaintiff to back up this finding, however. Id. Plaintiff was transferred to Ad-Seg at the California Correctional Center on September 9, 2010, and ultimately released from Ad-Seg sometime before June 2011. Id., ¶ 50.

Plaintiff alleges that the conduct described above violated his rights under the Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution. Id., ¶ 51. Plaintiff alleges that the following specific conduct was unlawful: failing to provide plaintiff with "adequate notice of the charges against him;" refusing to provide him with evidence relevant to his defense; failing to adequately assess the credibility and reliability of the evidence against him; finding plaintiff to be a threat in the absence of evidence linking him to a criminal conspiracy; retaining plaintiff in Ad-Seg without a basis for it; and retaining accusatory information in plaintiff's file without a basis. Id.

## II. ANALYSIS

The court has previously set out the standard for screening a complaint, and adopts that standard here. See ECF No. 6.

Plaintiff does not specify exactly what constitutional violations he is alleging, instead naming only the Fifth, Eighth and Fourteenth Amendments. The court presumes that plaintiff is alleging violation of his rights under the Due Process Clauses of the Fifth and Fourteenth Amendments, and his right to be free of cruel and unusual punishment under the Eighth Amendment.

////

A. Fourteenth Amendment Due Process

The court has already dismissed plaintiff's claims that were based upon his being held in Ad-Seg without due process of law, and his transfer to another institution without due process of law. See ECF No. ECF No. 31 at 8-9. In short, plaintiff's allegations fail to show that he has any protected liberty interest in being free from incarceration in Ad-Seg, or from being transferred to another institution. Without a liberty interest at stake, there can be no violation of the Due Process clause.

First, plaintiff has no freestanding right to be free from incarceration in Ad-Seg, or in being transferred to another facility. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) ("May's due process claim fails because he has no liberty interest in freedom from state action taken within the sentence imposed, and the Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence") (citation and internal quotation marks omitted), cert. denied, 522 U.S. 921 (1997).

Second, while California can create protected liberty interests enjoyed by prisoners, those interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Nothing in plaintiff's complaint alleges facts showing that Ad-Seg or the institution he was transferred to imposed such hardships on him, and accordingly, this claim should again be dismissed.

B. Fifth Amendment Due Process

"[T]he Fifth Amendment's due process clause only applies to the federal government." Bingue v. Prunchak. 512 F.3d 1169, 1174 (9th Cir. 2008). The complaint contains no allegation of unconstitutional conduct by the federal government, and therefore this claim should be dismissed.

C. Eighth Amendment

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the imposition of wanton and unnecessary pain. See Wilson v. Seiter, 501 U.S. 294, 298 (1991) (only conduct that constitutes the "unnecessary and wanton infliction of pain" violates the

1  Eighth Amendment).  Nothing in the complaint alleges facts showing that plaintiff's placement in
2  Ad-Seg, alone, imposed wanton and unnecessary pain on plaintiff, or deprived him of "the
3  minimal civilized measure of life's necessities."  Id.  Nor does the complaint allege conditions in
4  Ad-Seg that might rise to the level of an Eighth Amendment violation.  Without such allegations,
5  the complaint does not state an Eighth Amendment claim, and should be dismissed.

### III.  RECOMMENDATION

Plaintiff has three times failed to state a claim in this action.  Plaintiff's most recent attempt, in which he was aided by counsel, repeats many of the allegations that the court had already found to be insufficient to state a claim.  The most recent complaint not only fails to show the existence of constitutional violations, but if the facts alleged are true, the complaint appears to show affirmatively that no constitutional violations occurred.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to have the "Third Amended Complaint" screened (ECF No. 49), is GRANTED.

Further, IT IS HEREBY RECOMMENDED that plaintiff's "Third Amended Complaint" (ECF No. 48), be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 14, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE